** Summary ** POWERS OF CAPITOL IMPROVEMENT AUTHORITY Under the provisions of 73 O.S. 153 [73-153] (1971), the Capitol Improvement Authority is authorized to acquire land and to erect buildings on such lands acquired outside the Capitol Improvement and Zoning District; moreover, the acquisition of land and the cost of erection of buildings thereon is to be financed by the issuance of revenue bonds pursuant to Section 153 authorization. The Attorney General has considered your letter of March 20, 1972, wherein you request the Attorney General to consider the following question: "Under the provisions of 73 O.S. 153 [73-153] (1971), is the Oklahoma Capitol Improvement Authority authorized to acquire land for and to erect, equip, operate and maintain a building or buildings for the use of state and/or federal agencies and departments at any place or location within the State of Oklahoma other than within the Capitol Improvement and Zoning District as defined by law, and for the purpose of paying the cost thereof, is the Authority authorized to issue negotiable bonds as may, in the opinion of the Authority, be necessary for such purposes, and to provide for the payment of such bonds and the right of the holders thereof, as provided in said statute?" The first part of your question asks whether the Authority is authorized to acquire land outside the Capitol Improvement and Zoning District and to erect state buildings on such property. The portion of 73 O.S. 153 [73-153] (1971) that precipitates this question reads, as follows: ". . . Provided further that in fulfilling the purpose of this Act in acquiring land for the erection, equipping, operation and maintenance of any facility, building or buildings at a location other than within the Capitol Improvement and Zoning District the Authority is hereby specifically empowered to:" (Emphasis added) It is questioned whether such authorization goes only to the acquisition of properties for the erection of state buildings or whether Section 153 authorization contemplates the actual erection or construction of state buildings thereon. The first sentence of Section 153 clarifies this question as it provides explicit authority for the erection of state buildings without the confines of the Capitol Improvement and Zoning District; that sentence reads: "(a) The Authority is hereby authorized to acquire land for and to erect, equip, operate and maintain a building or buildings for the use of State and/or federal agencies and departments at any place or location within the State of Oklahoma, the place of erection to be selected by the Authority . . ." (Emphasis Added) A plain reading of the first sentence of Section 153 in conjunction with the questioned language provides the clear meaning and intent of the statute, that being that an indebtedness may be incurred not only for the acquisition of properties but for the erection and construction of state buildings outside the Capitol Improvement and Zoning District. Further, it is clear from a perusal of Section 153 in its entirety that the statutory authorization extends not only to the acquisition of land for the erection of state buildings but that said authorization extends and anticipates the erection of state buildings on the acquired property. Innumerable cases espouse the theory that words may be supplied, altered or modified in order to clarify and give force and effect to legislative expression; this rule is reannounced in In re Protest of Blain, 197 Okl. 459,172 P.2d 795, wherein the syllabus reads: "It is a cardinal rule that in construction of statutes the legislative intent must govern, and to arrive at the legislative intent the entire act must be considered, together with all other enactments upon the same subject, and when the intent of the Legislature can be gathered from the entire statute, words may be modified, altered, or supplied to give the statute the force and effect which the Legislature intended." (Emphasis added) In the present circumstances the language should be altered to read "in acquiring land and for the erection, equipping, operation and maintenance of any facilities;" the inclusion of the article adjective "and" denotes legislative intent in providing for the erection and construction of state buildings on the land acquired pursuant to Section 153 authorization. The second portion of your question asks whether negotiable bonds may be issued by the Authority to finance the acquisition and construction of buildings outside the Capitol Improvement and Zoning District. Again, we cite 73 O.S. 153 [73-153] (1971), which specifically authorizes the issuance of bonds for the purposes of acquiring land and erecting state buildings thereon, also Section 153 delineates the manner in which such bonds may be issued, prescribes maturity dates and restricts the rate of interest on said bonds. The provisions of 73 O.S. 153 [73-153] (1971), authorizing the issuance of bonds and prescribing the particulars for such bonds read: "The Authority is hereby specifically empowered to: "(1) For the purpose of paying the cost thereof the Authority is hereby authorized to borrow money on the credit of the income and revenue to be derived from the operation of said building and, in anticipation of the collection of such income and revenues, to issue negotiable bonds as may, in the opinion of the Authority, be necessary for such purposes, and to provide for the payment of such bonds and the rights of the holders thereof, as hereinafter provided. Said bonds may be issued in one or more series, may be sold in such manner and at such price or prices, may bear such date or dates, may mature at such time or times, not to exceed thirty (30) years from their date, may be in such denomination or denominations, may be in such form either coupon or registered, may carry such registration or conversion privileges, may be executed in such manner, may be payable in such medium of payments, at such place or places, may be subject to such terms of redemption, with or without premium, and may bear such rate or rates of interest not in excess of seven and one half percent (7 1/2%) per annum, and shall be subject to call for redemption as may be provided by resolution or resolutions to be adopted by the Authority. Such bonds shall have all the qualities and incidents of negotiable paper; and the bonds and the interest earned on said bonds shall not be subject to taxation by the State of Oklahoma, or by any county, municipality or political subdivision therein." Therefore, it is the opinion of the Attorney General that both parts of your question be answered in the affirmative. Under the provisions of 73 O.S. 153 [73-153] (1971), the Capitol Improvement Authority is authorized to acquire land and to erect buildings on such lands acquired outside the Capitol Improvement and Zoning District; moreover, the acquisition of land and the cost of erection of buildings thereon is to be financed by the issuance of revenue bonds pursuant to Section 153 authorization. (Michael D. Tinney)